ALBERT SUTTLE and GRACE E. SUTTLE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Suttle v. Commissioner
Docket No. 8877-76.
United States Tax Court
T.C. Memo 1978-393; 1978 Tax Ct. Memo LEXIS 118; 37 T.C.M. (CCH) 1638; T.C.M. (RIA) 78393; October 2, 1978, Filed Carle E. Davis and Joseph C. Wool, Jr., for the petitioners. Ronald P. Campbell, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined deficiencies in petitioners' Federal income tax for the years 1972 and 1973, in the respective amounts of $ 7,920.98 (corrected by the parties' Stipulation of Facts to $ 7,842.83 because of a mathematical error), and $ 9,321.57. The sole remaining issue for our decision is whether petitioners realized taxable income in 1972 and 1973 because of interest-free loans from his closely-held corporation to petitioner husband. FINDINGS OF FACT All of the facts have been stipulated. Those necessary to an understanding of the case follow. Petitioners are husband and wife whose legal residence at all *119 relevant times was Petersburg, Virginia. They filed joint income tax returns for the years in issue on the cash basis with the Internal Revenue Service Center, Memphis, Tennessee. Petitioner Grace E. Suttle is a party herein only because of the joint returns and Albert Suttle will hereinafter be referred to as petitioner. During the years in issue and at all other relevant times petitioner owned 65 percent of the issued and outstanding stock of Master Chevrolet Sales, Inc. (Master), and during the years in issue he was its president, a member of its board of directors, and its salaried employee. The balance of the outstanding stock of Master was owned during the years in issue by petitioner's son and his two brothers. Petitioner has borrowed money interest free from Master ever since 1937. During the years in issue these loan balances averaged $ 252,000 (rounded). It is stipulated that the average prime rates for these years were 5.5 percent and 8 percent, which rates are to be applicable for all determinations herein and that interest computed at such rates amounts to $ 13,875.51 for 1972, and $ 20,159.96 for 1973. Respondent's determination as to the sole remaining *120 issue reads: It is held that you realized income in the amount of $ 13,875.51 for 1972 and $ 20,159.96 for 1973 representing the benefit received from the interest-free use of funds borrowed from Master Chevrolet Sales, Inc. OPINION The principal burden of respondent's well-written brief is that "[petitioners] are in actual, not constructive, receipt of the economic benefit derived from the interest-free loans in question." Respondent acknowledges that the issue in the instant case was considered on "somewhat similar" facts in Dean v. Commissioner,35 T.C. 1083 (1961), nonacq. 1973-2 C.B. 4 (decided adversely to respondent but respondent's appeal dismissed pursuant to agreement), and argues that Dean was wrongly decided and should now be overruled by us. We have carefully reviewed and considered our holding in the Dean case and find that it is not distinguishable from the instant case in any relevant respect, unless it be that the interest-free loans were much larger--having been in excess of $ 2 million.
We have again reviewed our reasoning in Dean v. Commissioner,supra, and find it sound. We there distinguished *121 rent-free use of corporate property from interest-free use of corporate money, pointing out that as regards the former an expenditure of money for the same benefit would not have been deductible by the recipient, whereas in the latter (35 T.C. at 1090)-- had petitioners borrowed the funds in question on interest-bearing notes, their payment of interest would have been fully deductible by them under section 163, I.R.C. 1954. Not only would they not be charged with the additional income in controversy herein, but they would have a deduction equal to that very amount. We think this circumstance differentiates the various cases relied upon by the Commissioner, and perhaps explains why he has apparently never taken this position in any prior case. Dean v. Commissioner,supra, was Court reviewed and has been followed by us in numerous, similar, and related area, cases. [1] We think that our reasoning in Dean is correct, is controlling in the instant case, and we follow it. *122 Because of concessions, Decision will be entered under Rule 155.
Footnotes
1. Crown v. Commissioner,67 T.C. 1060 (1977), on appeal (7th Cir., July 1, 1977); B. Forman Co. v. Commissioner,54 T.C. 912 (1970); Lisle v. Commissioner, T@.C.Memo. 1976-140; also cf. Saunders v. United States,294 F. Supp. 1276↩ (D. Hawaii 1968).