Albert SUTTLE and Grace E. Suttle, Appellees,

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellant.**

No. 79–1385.

United States Court of Appeals, Fourth Circuit.

Argued April 9, 1980.

Decided July 1, 1980.

Jonathan S. Cohen, Tax Division, Dept. of Justice, Washington, D. C. (M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, and Helen A. Buckley, Tax Division, Dept. of Justice, Washington, D. C., on brief), for appellant.

James L. Sanderlin, Richmond, Va. (Carle E. Davis, Joseph C. Wool, Jr., McGuire, Woods & Battle, Richmond, Va., on brief), for appellees.

Before HALL and SPROUSE, Circuit Judges.[*]

K. K. HALL, Circuit Judge:

The appellee, Albert Suttle, was the recipient of several interest-free loans from a closely-held corporation. The Commissioner of Internal Revenue (Commissioner) issued a notice of deficiency to Suttle and his wife[1] for the economic value of the interest-free loans. The Tax Court found in favor of the Suttles, and the Commissioner appealed. We affirm.

During the tax years of 1972 and 1973, Albert Suttle owned 65 percent of the outstanding stock of Master Chevrolet Sales, Incorporated (Master). The balance of the outstanding stock was owned by Suttle's son and two brothers. Suttle was the president of Master, a member of its board of directors and its salaried employee.

---

[*] The panel originally assigned to hear this case consisted of Haynsworth, Chief Judge, Hall and Sprouse, Circuit Judges. Prior to oral argument, Judge Haynsworth recused himself from consideration of this case. After being advised by the Court of his recusal, counsel agreed that the argument should proceed before the remaining two judges, provided that if those judges disagreed, a third judge would be selected to consider the case.

1. Mrs. Suttle is a party to this action only because she filed a joint return with her husband.

Since 1937, Suttle had borrowed money from Master without paying interest. During 1972 and 1973, these interest-free loans averaged approximately $252,000. Based on a stipulated interest rate of 5.5 percent, the Commissioner calculated the interest on these loans to be $13,875.51 for 1972 and $20,159.96 for 1973. The Commissioner determined that these sums represented unreported gross income and issued a deficiency notice for unpaid taxes of $7,842.83 for 1972 and $9,321.57 for 1973.

The Tax Court ruled in favor of Suttle, relying primarily upon its earlier ruling in *J. Simpson Dean v. Commissioner*, 35 T.C. 1083 (1961). In *Dean*, the Commissioner argued that an interest-free loan by a corporation to a stockholder or officer conferred a benefit, and that such a benefit was taxable income to its recipient under 26 U.S.C. § 61. In support of his argument, the Commissioner cited several cases holding that a stockholder's or officer's rent-free use of corporate automobiles, residences and similar property conferred a taxable benefit equal to the fair market value of such usage. Since money is a corporate asset, the same as an automobile or house, the Commissioner argued that interest-free loans conferred a benefit upon the recipient equal to the fair market interest expense of the loan, and that such a benefit constituted taxable income.

The Tax Court disagreed. In the court's view, personal expenditures for transportation and housing were not ordinarily deductible whereas loan interest payments were deductible. Had the taxpayer borrowed the money in an arm's length transaction, not only would he not incur the tax liability proposed by the Commissioner, but he would have received a deduction for that very amount. 35 T.C. 1090. Thus, the court ruled that a so-called "washout" had occurred and that the interest-free loan did not create a taxable gain to the borrower.

As in *Dean*, the Commissioner draws an analogy between Suttle's interest-free loans and the free usage of other corporate property. Since Suttle neither paid nor incurred a legal obligation to pay interest, the Com-

missioner argues that no basis for the offsetting "washout" deduction exists.

We find the *Dean* rationale to be persuasive as applied to the facts of this case.

Accordingly, the judgment of the Tax Court is

*AFFIRMED.*