HAWORTH H. PARKS, LAWRENCE V. LONG AND PEGGY J. LONG, AND ESTATE OF KENNETH R. MEGUIAR, DECEASED, MAXINE G. MEGUIAR, EXECUTRIX, AND MAXINE G. MEGUIAR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Parks v. Commissioner
Docket No. 1723-77.
United States Tax Court
T.C. Memo 1980-382; 1980 Tax Ct. Memo LEXIS 208; 40 T.C.M. (CCH) 1228; T.C.M. (RIA) 80382; September 15, 1980, Filed *208 Petitioners, officers and shareholders of Parks, Inc., received interest-free loans from the corporation. Held: Loans of money, interest-free, do not create taxable income to the borrowers. Dean v. Commissioner, 35 T.C. 1083 (1961) and Greenspun v. Commissioner, 72 T.C. 931 (1979) followed. William H. Lassiter, Jr., for the petitioners. Wm. Robert Pope, Jr., for the respondent. STERRETT
MEMORANDUM OPINION STERRETT, Judge: By statutory notices dated November 24, 1976 respondent determined deficiencies in income taxes paid and additions to tax under section 6651(a) by petitioners, Haworth H. Parks, Lawrence V. and Peggy J. Long, and Kenneth R. (now deceased) and Maxine G. *209 Meguiar as follows: Haworth H. Parks
Year
Deficiency
I.R.C. sec. 6651(a)(1)
Total
1972
$1,910.02
$283.19
$2,193.21
1973
2,317.94
2,317.94
1974
1,943.73
1,943.73
$6,171.69
$283.19
$6,454.88
Lawrence V. Long, et ux
1972
$ 692.69
$173.17
$ 865.86
1973
817.21
817.21
1974
281.23
281.23
$1,791.13
$173.17
$1,964.30
Kenneth R. Meguiar, et ux
1972
$ 746.02
$186.50
$ 932.52
1973
758.80
758.80
1974
159.64
159.64
$1,664.46
$186.50
$1,850.86
TOTALS
$9,627.28
$642.86
$10,270.14
After concessions the only issue remaining for our decision is whether petitioners received income by virtue of having been the recipients of various interest-free loans from their corporation during the taxable years in issue. All of the facts were stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. At the time their petition herein was filed, petitioners resided in Nashville, Tennessee. [1] Petitioners filed their Federal income tax returns on a cash-basis for the taxable years ended December 31, 1972, 1973 and 1974 with the Internal *210 Revenue Service Center at Memphis, Tennessee. Petitioners Haworth H. Parks, Lawrence V. Long and Kenneth R. Meguiar were shareholders, directors and officers of the corporation known as Parks, Inc., during the years in issue. During the years 1972 through 1974 the amount of stock owned by each of the stockholders of Parks, Inc., was as follows: Name of Stockholder
Number of Shares
Percentage of Total
Haworth H. Parks
45,900
58.6
Kenneth R. Meguiar
10,800
13.8
Lawrence V. Long
10,800
13.8
James W. Ralston
3,600
4.6
Kenneth Bryant
3,600
4.6
Kenneth S. Patterson
3,600
4.6
78,300
On June 8, 1974, the corporation redeemed all of Mr. Patterson's stock. Under the authority of a corporate resolution passed October 2, 1966 Parks, *211 Inc., made open account loans to the petitioners who were officers of the corporation. No interest was charged by Parks, Inc., on any amount loaned to the petitioners/officers. Further petitioners did not pay any interest on the amounts loaned to them. Applying the average prime interest rate to the average monthly balance of the loans for each of the petitioners during the years involved, reducing the product by the $100 dividend exclusion for the years 1973 and 1974, respondent concluded that the following adjustments should be made to petitioners' taxable income as a result of the economic benefit received from the interest-free loan: Years
Mr. Parks
Mr. Long
Mr. Meguiar
1972
$2,455.63
$1,297.04
$ 948.03
1973
4,826.61
2,228.14
1,553.10
1974
3,771.54
896.91
319.95
During the years at issue each petitioner had an outstanding balance on the sums borrowed from Parks, Inc. No interest was charged or paid for the use of those funds. In these years, the petitioners were officers, members of the board of directors, and salaried employees of Parks, Inc. It is respondent's position that each of the petitioners realized an economic benefit, and *212 thus taxable income, from their interest-free use of the corporation's funds. Respondent measures that economic benefit by the interest rate at which such sums could have been borrowed in an arms-length transaction. Respondent concedes that the decision of the present case in controlled by Dean v. Commissioner, 35 T.C. 1083 (1961) as explained by Greenspun v. Commissioner, 72 T.C. 931 (1979), on appeal (9th Cir. November 20, 1979). Thus respondent asked this Court, again, to reverse our decision in Dean. As we said in Creel v. Commissioner, 72 T.C. 1173, 1179 (1979), on appeal (5th Cir. February 15, 1980), "We again decline * * * respondent's invitation to reverse our decision in Dean." For reasons well expressed in Dean, Greenspun, Creel, as well as other cases considering this issue, we refuse to hold that the mere loan of money interest-free creates income to the borrowers. [2] Accordingly, under the rationale expressed in the above cited cases, we find for petitioners on this issue. *213 To reflect concessions by the parties, Decision will be entered under Rule 155. Footnotes
1. Respondent issued separate statutory notices to Haworth H. Parks, Lawrence and Peggy Long, husband and wife, and Kenneth and Maxine Meguiar, husband and wife. Mrs. Long and Mrs. Meguiar are parties to this action only by reason of their filing joint returns with their respective husbands. Pursuant to Rule 61, Tax Court Rules of Practice and Procedure↩, petitioners joined in the filing of their petitions.
2. Some of the other cases in which respondent has argued, and lost, that interest-free loans have a direct Federal income tax effect are: Suttle v. Commissioner,     F.2d     (4th Cir. July 1, 1980), affg. a Memorandum Opinion of this Court; Zager v. Commissioner, 72 T.C. 1009 (1979), on appeal (5th Cir. Feb. 8, 1980); Saunders v. United States, 294 F.Supp. 1276, 1282 (D. Hawaii 1968), reversed on another issue 450 F.2d 1047 (9th Cir. 1971); amd Joseph Lupowitz Sons, Inc. v. Commissioner, 497 F.2d 862↩ (3rd Cir. 1974).