**Colin F. and Eleanor M. BEATON, Appellees,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellant.**

**No. 81–1135.**

United States Court of Appeals, First Circuit.

Argued Sept. 14, 1981.

Decided Nov. 23, 1981.

---

James F. Miller, Atty., Tax Division, Dept. of Justice, Washington, D. C., with whom John F. Murray, Acting Asst. Atty. Gen., Michael L. Paup and Jonathan S. Cohen, Attys., Tax Division, Dept. of Justice, Washington, D. C., were on brief, for appellant.

Before CAMPBELL, VAN DUSEN,* and BOWNES, Circuit Judges.

PER CURIAM.

The present appeal by the Commissioner results from the Tax Court's decision of September 22, 1980, holding that an interest-free loan from a corporation of which the taxpayer was president did not constitute taxable income under section 61 of the Internal Revenue Code, 26 U.S.C. § 61, in the amount of the interest which would have been charged in an arm's length transaction. The Tax Court relied upon its earlier decisions in *Dean v. Commissioner*, 35 T.C. 1083 (1961), and *Greenspun v. Commissioner*, 72 T.C. 931 (1979), *pending on appeal*, (9th Cir. No. 79–7624).

---

* Senior Judge of the Third Circuit, sitting by designation.

1. Eleanor M. Beaton is a party to this action solely because she filed a joint return with her husband, Colin F. Beaton, for the year in question. Therefore, all references to taxpayer are to Colin F. Beaton.

2. 26 U.S.C. § 163 provides in pertinent part:
    (a) *General Rule.*—There shall be allowed as a deduction all interest paid or accrued within the taxable year on indebtedness.

The facts fall well within the compass of *Dean* and *Greenspun*. Taxpayer Colin F. Beaton [1] sometime prior to 1960 became president and sole stockholder of Brockton Ice and Coal Company. In 1968 he assigned all of his stock to Quincy Oil Company in payment of a debt. Taxpayer continued to serve as president of Brockton until late August 1973. Sometime in 1973, while taxpayer was still president, Brockton made an interest-free loan of $123,361.86 to him. The Commissioner determined that, as a result, taxpayer received additional income of approximately $10,000 in 1973, which represented what the loan would have cost him in an arm's length transaction at the then prevailing interest rate of 8%. The Commissioner contended that, because there was no interest paid or owed, there would be no offsetting deduction under section 163 of the Code, 26 U.S.C. § 163.[2]

The present appeal is only one of a series [3] of efforts on the part of the Commissioner to overrule or modify *Dean*, which has been controlling precedent for the past twenty years. To date, all attempts have been unsuccessful. In *Dean*, a majority of the Tax Court held that the use of an interest-free loan resulted in no taxable gain to the taxpayer. The majority distinguished a number of cases relied upon by the Commissioner holding that the rent-free use of corporate property by an individual resulted in the realization of income under section 61 of the Code. The court reasoned that in the case of free use of corporate property, a benefit was received by the taxpayer which had the taxpayer sought to procure through an expenditure of money would not have been deductible, but

---

3. *Greenspun v. Commissioner*, 72 T.C. 931 (1979), *pending on appeal*, (9th Cir. No. 79–7624); *Suttle v. Commissioner*, 37 T.C.M. (P–H) 1638 (1978), *aff'd*, 625 F.2d 1127 (4th Cir. 1980); *Zager v. Commissioner*, 72 T.C. 1009 (1979), *aff'd sub nom. Martin v. Commissioner*, 649 F.2d 1133 (5th Cir. 1981); *Martin v. Commissioner*, 39 T.C.M. (CCH) 531 (1979), *aff'd*, 649 F.2d 1133 (5th Cir. 1981), *Parks v. Commissioner*, T.C.M.D. (P–H) ¶ 80,382 (1980), *pending on appeal*, (6th Cir. No. 1723–77).

had petitioners borrowed the funds in question on interest-bearing notes, their payment of interest would have been fully deductible by them under section 163, I.R.C.1954. Not only would they not be charged with the additional income in controversy herein, but they would have a deduction equal to that very amount.

*Dean*, 35 T.C. at 1090. The Commissioner appealed this decision, but later withdrew the appeal. Twelve years passed before the Commissioner announced his nonacquiescence with the decision.

In *Greenspun v. Commissioner*, 72 T.C. 931, the Tax Court amplified and affirmed its earlier decision in *Dean*. The majority pointed out that an interest-free loan from a corporation to an employee was in substance no different from the making of a loan on which interest was charged, accompanied by an increase in compensation equal to the interest charged. *Id.* at 948. The court acknowledged that payment of interest would not in all cases give rise to an offsetting deduction. As an example, under section 265(2) of the Code, 26 U.S.C. § 265(2), interest paid on indebtedness incurred to purchase or carry obligations, the interest from which is exempt from taxation, is not deductible. The court also noted that in certain cases its approach of equating the interest-free loan with an interest-bearing note in certain circumstances "may result in a wide disparity in the tax treatment of the two situations." *Id.* at 950. The court stated that when and if it was confronted with such a situation, it would at that time decide whether to modify its decision in *Dean*. *Id.* *Greenspun* was not such a case, and neither is the one at bar.

The precise issue here has recently been decided by the Fourth and Fifth Circuits and cases are pending on it in the Ninth and Sixth Circuits. *See* n.2 *supra*. In *Suttle v. Commissioner*, 625 F.2d 1127 (4th Cir. 1980), the court found the *Dean* rationale "persuasive" and summarily disposed of the Commissioner's arguments in upholding the Tax Court. In *Martin v. Commissioner*, 649 F.2d 1133 (5th Cir. 1981), a majority of the court was "unwilling to disturb" *Dean*, even though there was an "excellent and perceptive" dissenting opinion. The majority was uncertain as to whether the benefits of the solution proposed by the dissenting judge would outweigh the loss of uniformity in the application of the tax law. *Id.* at 1134.

Although we appreciate the points raised by the Commissioner and the dissent in *Martin*, the fact remains that many taxpayers have relied upon the decision in *Dean*. To depart from the holding in *Dean* at this late date would result in uncertainty and the uneven application of the tax law.

Courts properly have been reluctant to depart from an interpretation of tax law which has been generally accepted when the departure could have potentially far-reaching consequences. When a principle of taxation requires reexamination, Congress is better equipped than a court to define precisely the type of conduct which results in tax consequences. When courts readily undertake such tasks, taxpayers may not rely with assurance on what appear to be established rules lest they be subsequently overturned. Legislative enactments, on the other hand, although not always free from ambiguity, at least afford the taxpayers advance warning.

*United States v. Byrum*, 408 U.S. 125, 135, 92 S.Ct. 2382, 2389, 33 L.Ed.2d 238 (1972).

For the foregoing reasons, we refuse to overrule *Dean* and affirm the ruling of the Tax Court.