**Jack and Florence BAKER, Appellees,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellant.**

**No. 635, Docket 81–4167.**

United States Court of Appeals, Second Circuit.

Argued Feb. 8, 1982.

Decided March 30, 1982.

James F. Miller, Washington, D. C. (John F. Murray, Acting Asst. Atty. Gen., Michael L. Paup, Jonathan Cohen, Attorneys, Tax Division, Dept. of Justice, Washington, D. C., of counsel), for appellant.

Benjamin Lewis, New York City (Lapatin, Lewis, Green, Kitzes & Blatteis, P. C., New York City), for appellees.

Before OAKES, NEWMAN and PIERCE, Circuit Judges.

PER CURIAM:

The Commissioner of Internal Revenue appeals a decision of the United States Tax Court, Arnold Raum, *Judge*, holding that taxpayer Jack Baker did not realize income as a result of interest-free loans from Sue Brett, Inc., a corporation owned wholly by taxpayer, his wife, and their children. *Baker v. Commissioner*, 75 T.C. 166 (1980). The Commissioner had issued a notice of deficiency determining that taxpayer realized unreported taxable income totalling $15,416 for the years 1973 through 1975. This amount represented the interest taxpayer would have had to pay on his average yearly loans from his company had he borrowed equivalent amounts from lending institutions.

The Tax Court, reaffirming *Dean v. Commissioner*, 35 T.C. 1083 (1961), held that the taxpayer owed no deficiency. Judge Raum, also the author of *Dean*, noted that the court had repeatedly refused to overturn *Dean* in other cases, and stated: "We reach the same conclusion here. The problem is peculiarly one that calls for a legislative remedy, if one is thought to be appropriate, rather than a judicial departure from the principle of stare decisis." 75 T.C. at 170.[1]

*Dean v. Commissioner* held that taxpayers owed no deficiency for the value of an interest-free loan from the corporation they controlled. An interest-free loan, the court said, does not result in any "taxable gain to the borrower" nor in any "interest deduction for the borrower" nor in any "interest income to the lender." 35 T.C. at 1090. The Tax Court distinguished *Dean* from other cases holding that the rent-free use of corporate property was taxable, on the ground that in those cases rent, unlike interest on a loan, would not have been deductible had it been paid. By contrast, "had petitioners borrowed the funds in question on interest-bearing notes, their payment of interest would have been fully deductible by them under section 163, I.R.C. 1954." *Id.* The addition to income of im-

---

1. The Tax Court also found factually unsupported the Commissioner's alternative argument that *Dean* was distinguishable because the taxpayer used the borrowed money to purchase tax-exempt securities. The Commissioner does not challenge this factual determination on appeal. We therefore do not reach the question whether in light of I.R.C. § 265(2), which denies an interest deduction to borrowers who invest the proceeds of an interest-bearing loan in tax-exempt instruments, *Dean* applies to a recipient of an interest-free loan who invests the proceeds in tax-exempt instruments.

puted interest on an interest-free loan, the court reasoned, would be neutralized by the deduction of imputed interest in the same amount.

The Commissioner's assessment of deficiency against Baker is one in a series of recent attempts to overturn *Dean*. None has yet succeeded, either before the Tax Court or before any reviewing court of appeals. The First, Fourth, Fifth, and Ninth Circuits have affirmed the Tax Court's adherence to *Dean*. *See Greenspun v. Commissioner*, 72 T.C. 931 (1979), *aff'd*, 670 F.2d 123 (9th Cir. 1982); *Beaton v. Commissioner*, 40 T.C.M. (CCH) 1324 (1980), *aff'd*, 664 F.2d 315, 317 (1st Cir. 1981) ("To depart from the holding in *Dean* at this late date would result in uncertainty and the uneven application of the tax law") (citing *United States v. Byrum*, 408 U.S. 125, 135, 92 S.Ct. 2382, 2389, 33 L.Ed.2d 283 (1972), for the proposition that generally accepted interpretations of tax law are better changed by Congress than by the courts); *Zager v. Commissioner*, 72 T.C. 1009 (1979), *aff'd sub nom. Martin v. Commissioner*, 649 F.2d 1133 (5th Cir. 1981); *Martin v. Commissioner*, 39 T.C.M. (CCH) 531 (1979), *aff'd*, 649 F.2d 1133 (5th Cir. 1981); *Suttle v. Commissioner*, 37 T.C.M. (P–H) 1638 (1978), *aff'd*, 625 F.2d 1127, 1128 (4th Cir. 1980) (finding *Dean* "persuasive"). The Sixth Circuit is considering another appeal by the Commissioner from an unfavorable Tax Court ruling. *See Parks v. Commissioner*, 40 T.C.M. (CCH) 1228 (1980), *appeal pending* (6th Cir. No. 1723–77).

We affirm the Tax Court's decision, thereby deferring to Congress for any revision of the *Dean* rule, in this case as well. First, as the Tax Court noted in *Zager*, 72 T.C. at 1010–13, this rule is long accepted. Until the *Dean* case, the IRS declined to subject interest-free loans to taxation. The IRS did not state its nonacquiescence in the 1961 *Dean* decision until 1973. No statutory guidelines have issued since then to support the Government's position. Indeed,

Congress has instructed the Commissioner not to issue new regulations in the area of fringe benefits until the end of 1983. *See* Pub.L.No.95–427, § 1 (1978), extended by Pub.L.No.96–167 (1979) and by section 801 of the Economic Recovery Tax Act of 1981, Pub.L.No.97–34 (1981). Reversal of *Dean* by this court would inject nonuniformity into national tax policy on this issue.

Second, we regard the Government's approach, which would include imputed interest in taxable income under I.R.C. § 61 but allow no offsetting interest deduction under I.R.C. § 163,[2] as resting on too wooden and formalistic a reading of the language of section 163. *See Martin v. Commissioner*, 649 F.2d at 1135–39 (Goldberg, J., dissenting, but rejecting the Government's approach). The Government, contending that the interest-free use of corporate funds confers the same economic benefit as an increase in salary sufficient to secure an equivalent interest-bearing loan, would include the imputed value of the interest-free loan in income under section 61. But the Government is not so attentive to economic reality when it argues further that the taxpayer may not deduct that imputed value because it is not actually "interest paid" within the language of section 163. When a borrower receives an interest-free loan, he receives the use of the principal without paying interest, but he does not receive the interest. He obtains no more than the recipient of additional salary retains after using the extra salary to pay the interest on an interest-bearing loan, *i.e.*, the use of the principal. As Judge Goldberg wrote, "having received an interest-free loan is equivalent to having paid the interest on that loan." *Id.* at 1137. It would be inequitable, therefore, to read section 163 as denying an interest deduction to a borrower of an interest-free loan who reports imputed interest as income, while allowing an interest deduction to a borrower who uses an increment of salary to borrow the same amount in the market.

---

**2.** I.R.C. § 61 provides that "[g]ross income means all income from whatever source derived." I.R.C. § 163 provides for the deduction of "interest paid ... within the taxable year on indebtedness."

Third, due consideration of the desirability of taxing the value of interest-free loans is beyond the competence of a court reviewing a limited record, and is more appropriate for legislative scrutiny. Thus "courts have generally been inhospitable to the Commissioner's attempts to make the granting of interest-free or low-interest loans a taxable event, absent an express statute or regulation." *Crown v. Commissioner*, 585 F.2d 234, 240 (7th Cir. 1978) (rejecting the Commissioner's attempt to subject interest-free loan to gift tax).

We have examined the thoroughly reasoned alternative approach suggested by Judge Goldberg's dissenting opinion in *Martin*, 649 F.2d at 1140–43. Judge Goldberg would have the taxpayer report imputed interest on an interest-free loan as income and then deduct the amount to which, depending on the various deductibility provisions in the Code, he would actually be entitled under I.R.C. § 163. This deduction may or may not wash with the additional reported income. *See also Dean*, 35 T.C. at 1092 (Bruce, J., dissenting). While this approach may well be more equitable than either the *Dean* rule or the Government's approach, it raises administrative problems which are best left to Congress. We need not accept or reject Judge Goldberg's approach in this case, however, as the taxpayer here could have deducted the interest that the I.R.S. seeks to impute to him as income.

Judgment affirmed.