Haworth H. **PARKS**, et al.,
Petitioners-Appellees,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.**

No. 81–1221.

United States Court of Appeals,
Sixth Circuit.

Decided Aug. 13, 1982.

John F. Murray, Acting Asst. Atty. Gen., Michael L. Paup, Jonathan S. Cohen, James F. Miller, Dept. of Justice, Tax Div., Washington, D. C., for respondent-appellant.

William Hance Lassiter, Jr., Laurence Papel, Nashville, Tenn., for petitioners-appellees.

Before KEITH and CONTIE, Circuit Judges, and PECK, Senior Circuit Judge.

### ORDER

This appeal involves the single issue of whether the appellee taxpayers realized taxable income as a result of interest-free loans they received from a close corporation of which they were officers, directors, and shareholders.

■■■ The facts are stipulated. During the years 1972 to 1974, the corporation made loans to the taxpayers. No interest was charged and none was paid. There is no dispute that the loans were bona fide; the Commissioner did not seek to tax the proceeds of the loan but rather sought to include in gross income the benefit received from having the use of the money without paying interest.

The Tax Court ruled in favor of the taxpayers, relying on its previous decision in *J. Simpson Dean v. Commissioner*, 35 T.C. 1083 (1961). In *Dean*, the Tax Court held that interest-free loans conferred no taxable benefits on the borrowers. The *Dean* court reasoned that nothing should be included in gross income because if the taxpayer would have paid interest, he would have been entitled to a corresponding deduction for interest paid under Section 163 of the Internal Revenue Code of 1954, 26 U.S.C. § 163.

The Commissioner attacks *Dean* on two grounds. He first contends that since the rent-free loan of a car by a corporation constitutes income to the recipient, it is illogical to treat the rent-free use of money any differently. To do so, the Commissioner contends, is inconsistent with the broad interpretation of income set forth in Section 61 of the Code, 26 U.S.C. § 61. *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 75 S.Ct. 473, 99 L.Ed. 483 (1955). Second, the Commissioner contends that Section 163 only provides a deduction for interest actually paid or accrued. Since no interest was actually charged or paid, the Commissioner contends that the loans provided taxable income to the taxpayers with no corresponding deduction for interest.

In 1973, twelve years after *Dean* had been decided, the Commissioner announced his non-acquiescence in *Dean*. Since that time, the Commissioner has attacked the *Dean* decision in several circuits with a notable lack of success. No court of appeals has accepted the Commissioner's position. *See Beaton v. C.I.R.*, 664 F.2d 315 (1st Cir. 1981); *Baker v. C.I.R.*, 677 F.2d 11 (2d Cir. 1982); *Suttle v. C.I.R.*, 625 F.2d 1127 (4th Cir. 1980); *Martin v. C.I.R.*, 649 F.2d 1133 (5th Cir. 1981); and *C.I.R. v. Greenspun*, 670 F.2d 123 (9th Cir. 1982). The only court to accept the Commissioner's position is the United States Court of Claims in *Hardee v. United States*, Trial Division 81–1221, No. 84–79T, slip op. (Ct.Cl. July 6, 1982).

While we concede that the Commissioner's attack on *Dean* is not without merit, we conclude that we must join the First, Second, Fourth, Fifth, and Ninth circuits in following *Dean*. A well-entrenched interpretation of tax law, even if logically assailable, should be changed by Congress, not the courts. The Supreme Court stated this principle as follows:

> Courts properly have been reluctant to depart from an interpretation of tax law which has been generally accepted when the departure could have potentially far-reaching consequences. When a principle of taxation requires re-examination, Congress is better equipped than a court to define precisely the type of conduct which results in tax consequences. When courts readily undertake such tasks, taxpayers may not rely with assurance on what appear to be established rules lest they be subsequently overturned. Legislative enactments, on the other hand, although not always free from ambiguity, at least afford the taxpayers advance warning.

*United States v. Byrum*, 408 U.S. 125, 135, 92 S.Ct. 2382, 2389, 33 L.Ed.2d 283 (1972).

We find that *Byrum* controls our decision in this case. The *Dean* decision has been the law for over twenty years and has been relied upon by taxpayers. If it is to be changed, the decision should be made by the legislature.

Accordingly, the judgment of the Tax Court is AFFIRMED.